**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)**

RASHALL M. BRACKNEY-WHEELOCK, PH.D.,)
                                    )
        Plaintiff,          )
                                     )      Civil Action No. 3:22-cv-35
v.                              )
                                   )
CITY OF CHARLOTTESVILLE, et al.     )
                                   )
        Defendants.     )

**DEFENDANT MICHAEL WELLS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS  PURSUANT TO FED. R. CIV. P. 12(b)(6)**

      COMES NOW Defendant Michael Wells, by counsel, and states as follows for his Memorandum of Law in Support of his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the Court should dismiss all claims asserted against Defendant Wells in their entirety.

## INTRODUCTION

      On June 15, 2022, Rashall M. Brackney-Wheelock ("Brackney") filed her Complaint against the City of Charlottesville, Charles "Chip" Boyles, Lisa Robertson, Heather Hill, Lloyd Snook, Sena Magill, Bellamy Brown, LaTroy "Tito" Durrette, James Mooney, Michael Wells, and Brian Wheeler asserting eleven (11) causes of action stemming from her alleged improper termination from her role as Chief of Police for the City of Charlottesville, Virginia.

      The chronology of events set forth in the Complaint asserts that Plaintiff was terminated from her position following the disciplinary action she took in June 2021 against junior police officers, who engaged in "unlawful, criminal, threatening, and racist behaviors." Compl. at ¶58. Plaintiff asserts that her own termination was racially motivated, and that Defendant Wells, a

volunteer Chapter President with the Central Virginia Chapter of the Southern States Police Benevolent Association ("PBA"), a non-profit that represents employees of many law enforcement agencies in Central Virginia and employee of the Albemarle County Police Department, orchestrated a survey of the Charlottesville Police Force in order to gather negative feedback regarding Brackney to serve as the basis for her termination. *Id.* at ¶¶61-68.  Brackney asserts that the Defendants, all of whom were employees of or elected officials for the City of Charlottesville ("the City"), except Defendant Wells, "assembled, physically and virtually, to conspire and agree to mutually undertake together for the purpose of willfully and maliciously injuring Dr. Brackney's reputation, in efforts to gain supportive reasoning to terminate her as Chief." *Id*. at ¶66.  Brackney argues that Defendant Wells acted as an agent of the City, and the City is liable for Wells' actions on the basis of *respondeat superior. Id*. at ¶11.

Dr. Brackney fails to state any claim upon which relief may be granted against Defendant Wells under any theory she attempts to assert. Her claims are properly subject to dismissal under Rule 12(b)(6).

## I.      Only Two of Plaintiff's Eleven Counts Alleged in the Complaint Identify or Assert Claims against Defendant Wells.

Plaintiff advances eleven (11) total causes of action in her Complaint stemming from her alleged improper termination.  Plaintiff identifies Defendant Wells in only two (2) of her eleven (11) Counts and asserts two different causes of action against him: (1) Tortious Interference with Employment Contract (Count IV) and (2) Business Conspiracy (Count IX).  The remaining nine (9) counts asserted in the Complaint do not identify Defendant Wells and the claims cannot be asserted against Defendant Wells as a matter of law.

Specifically, Counts I, II, and III allege violations of Title VII.  Plaintiff does not identify Defendant Wells as acting in violation of Title VII in any of these four counts, but even so, Title

VII does not apply to individuals and but only applies to employers with 15 or more employees. *Lissau v. Southern Food Serb.,* 159 F.3d 177, 180-81 (4th Cir. 1998). At no point was Defendant Wells the Plaintiff's employer. These claims are inapplicable to Defendant Wells.

Likewise, in Counts VI, VII, and VIII Plaintiff does not name Defendant Wells, nor does Plaintiff allege that Defendant Wells' conduct gave rise to the claims asserted in these three counts. Moreover, these claims are inapplicable to Defendant Wells as a matter of law. Specifically, Count VI asserts claims under Virginia's Whistleblower statute, which protects employees from unlawful, retaliatory discharge by an employer. This Count is inapplicable to Defendant Wells, because at no point was Defendant Wells the Plaintiff's employer. Count VII asserts the Plaintiff's right to freedom from governmental discrimination under the Virginia Constitution and is also inapplicable to Defendant Wells, as he was not an agent of the City of Charlottesville or an employee of the City of Charlottesville. Count VIII asserts a claim of defamation against other named defendants in this suit, but not Defendant Wells.

Additionally, Count X asserts a claim of employment discrimination in violation of the Virginia Human Rights Act. The Virginia Human Rights Act prohibits unlawful discrimination in employment and prohibits employers from creating or permitting a discriminatory hostile work environment. Plaintiff does not allege facts demonstrating that Defendant Wells could have violated this Act, nor does Plaintiff identify Wells in this Count. Even so, this Count is inapplicable to Defendant Wells, because at no point was Defendant Wells the Plaintiff's employer.

Finally, Count XI asserts a claim for violation of Plaintiff's right to Freedom of Information, under the Virginia Freedom of Information Act. Again, Plaintiff does not allege that Defendant Wells violated this Act, nor does Plaintiff identify Wells in this Count. However, this

Count is also inapplicable to Defendant Wells, as the Plaintiff's FOIA request was to the City of Charlottesville, and Defendant Wells is not an employee of the City.

The only counts in which Plaintiff identifies Defendant Wells, and in which she endeavors to assert a factual basis for a cause of action against Defendant Wells are in Count IV (tortious interference)  and Count IX (business conspiracy).  In both counts, Plaintiff argues that Defendant Wells acted as an agent of the City, and the City is liable for Wells' actions on the basis of *respondeat superior.*  Compl. at ¶11.  However, as is explained below, Plaintiff has failed to plead any facts supporting the allegation that Defendant Wells acted as an agent of the City, and she failed to plead that Wells is an employee of the City in order to support her claims of liability in Counts IV and IX based upon *respondeat superior.*  Accordingly, Plaintiff's underlying theories of liability fail, and she has not sufficiently plead her claims against Defendant Wells.

Defendant Michael Wells respectfully requests that the Court dismiss all claims asserted against him in the Plaintiff's Complaint in full, and that leave to amend be denied on grounds that amendment reflects an exercise in futility given the incurable nature of the defects inherent in these claims.

## STANDARD OF REVIEW

### I.    Motion to Dismiss Under Rule 12(b)(6).

To survive a motion under Rule 12(b)(6), the Complaint must advance sufficient "facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Facial 'plausibility' lies on a spectrum between possibility and probability, and it is established when the court is able to draw a reasonable inference that the defendant may be liable for the conduct alleged." *Barish-Stern Ltd. v. Town of Buchanan, Va.*, 2014 WL 6680692, at *3 (W.D. Va. Nov. 25, 2014).  A complaint need only contain "a short, plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp.2d 877, 879–80 (E.D. Va. 2012) (dismissing FDCPA claim on 12(b)(6) motion where complaint merely "recites the law with the bald assertion that the defendants violated it.").  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   While the Court must accept as true Plaintiff's well-pled factual allegations when assessing a motion to dismiss, such deference is "inapplicable to legal conclusions" contained in the Complaint.  *Iqbal*, 556 U.S. at 678.  Similarly, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## ARGUMENT

## II.     Plaintiff Failed to Plead that Defendant Wells is an "Employee" for the Purposes of *Respondeat Superior*.

At the outset, Plaintiff is unable to establish liability of Defendant Wells under a theory of *respondeat superior* because Defendant Wells is not, and was not, an employee of the City of Charlottesville.

Under the traditional doctrine of *respondeat superior*, an employer is liable for the tortious act of his employee if the employee was performing his employer's business and acting within the scope of his employment.  *Kensington Assocs. v. West,* 234 Va. 430, 432, 362 S.E.2d 900 (1987).  To plead *respondeat superior* liability, a plaintiff must allege that the injury caused by the act of an employee occurred within the scope of the employment relationship. *Butler v. S. States Co-op., Inc.,* 270 Va. 459, 466, 620 S.E.2d 768, 773 (2005).  *See also, Kappa Sigma Fraternity v. Richard G. Miller Mem'l Found.*, No. 3:07CV00026, 2008 WL 445005 (W.D. Va. Feb. 20, 2008).

To put the matter succinctly, "[t]he doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the time and in respect to the very transaction out of which the injury arose." *Parker v. Carilion Clinic*, 296 Va. 319, 336, 819 S.E.2d 809, 819 (2018) (*quoting Manuel v. Cassada*, 190 Va. 906, 913, 59 S.E.2d 47 (1950)). While it is true that vicarious liability is not limited to those acts of the servant which promote the object of the employment, it is equally true that no such liability can be imposed if the tortious act did not arise out of the "very transaction," or service or task, that the employee was being paid to perform. *Parker v. Carilion Clinic*, 296 Va. 319, 336–37, 819 S.E.2d 809, 819 (2018).

Four factors enter into determination of the question whether a master-servant relationship exists within the contemplation of the doctrine of *respondeat superior*, (1) selection and engagement of the servant, (2) payment of compensation, (3) power of dismissal and (4) power of control. The first three factors are not essential to the existence of the relationship; the fourth, the power of control, is determinative. *Lilly v. Brink*, 52 Va. Cir. 182 (2000) (*quoting Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982)).

On its face, Plaintiff Brackney's Complaint fails the *Naccash* test. Plaintiff has not argued at any point that the City of Charlottesville employed Defendant Wells. To the contrary, Defendant Wells was selected, hired, employed, and compensated by the Albemarle County Police Department, and held a volunteer position with the Central Virginia Chapter of the Southern States Police Benevolent Association. He did not work for, and was not an agent for, the City of Charlottesville ("the City"). The City had no power to dismiss Wells from his position, and most importantly, the City had no power to control his position. Accordingly, the master-servant

relationship does not exist between Defendant Wells and the City of Charlottesville.  In turn, Plaintiff Brackney cannot plead and establish the existence of *respondeat superior.*

### III.     Plaintiff Failed to Plead that Defendant Wells is an "Agent" of the City of Charlottesville.

The general rule of agency is that authority in the agent is created by written or spoken words of the principal or by conduct of the principal, and "apparent agency" is created as to third persons by the same words and conduct of the principal that the principal consents to the acts of the agent on the principal's behalf. Restatement (Second) of Agency §§ 26, 27 (1958).

The definition of the term "apparent authority" presupposes the existence of an agency relationship and concerns the authority of the agent. *Sanchez v. Medicorp Health Sys*., 270 Va. 299, 304, 618 S.E.2d 331, 333 (2005).  *See also, Morris v. Dame*, 161 Va. 545, 572–73, 171 S.E. 662, 672 (1933) (discussing whether a servant who is driving a vehicle for his master has apparent authority by virtue of the employment to allow another person to ride in the vehicle for a purpose having no connection with the master's business).  An agent has no apparent authority to a stranger who does not know of the reputation or past conduct of the agent. Restatement (Second) of Agency § 27 cmt. 6 (1958).  *Saffold v. Conway & Assocs., Inc*., 66 Va. Cir. 179 (2004).

In contrast, the term "apparent agency" (sometimes also called "agency by estoppel," *see Chandler v. Kelley*, 149 Va. 221, 232, 141 S.E. 389, 392 (1928)), means "[a]n agency created by operation of law and established by a principal's actions that would reasonably lead a third person to conclude that an agency exists." *Sanchez v. Medicorp Health Sys.,* 270 Va. 299, 304, 618 S.E.2d 331, 333 (2005).  S*ee also, Title Ins. Co. of Richmond, Inc. v. Howell*, 158 Va. 713, 724, 164 S.E. 387, 391 (1932) ("[o]ne who permits another to hold himself out as agent and appears to acquiesce in that assumption of authority is bound thereby"); *Hardin v. Alexandria Ins. Co*., 90 Va. (15 Hans.) 413, 416–17, 90 Va. 413, 18 S.E. 911, 911–13 (1894) (insurance company held individual

out to the public at large as the company's agent through whom all transactions with the company had to pass); *Gallagher v. Washington County Sav., Loan & Bldg. Co*., 125 W.Va. 791, 25 S.E.2d 914, 919 (1943) (quoting Restatement (First) of Agency § 8, cmt. a: "'[a]n apparent agent is a person who, whether or not authorized, reasonably appears to third persons, because of the manifestations of another, to be authorized to act as agent for such other'").

A purported agent cannot unilaterally create an apparent agency through his own words or conduct. 3 Am Jur 2d Agency § 347 (2002). When from extrinsic evidence a *prima facie* case of agency is made out, then the agent's declarations and statements become competent. *Royal Indemnity Co. v. Hook*, 155 Va. 956 (1930). There must be other competent evidence establishing the fact of agency other than the declarations, acts or conduct of the agent, or the declarations, acts and conduct of the agent must be of such a character as to justify an inference that the principal knew of them and would not have permitted them if unauthorized. *Bardach v. Charleston Port Terminals*, 143 Va. 656, 657 (1925). *See also, Morris v. Mosby*, 227 Va. 517 (1984).

The theory of apparent agency is not merely an extension of the doctrine of *respondeat superior*. Instead, it is different because in apparent agency—unlike the situation when the doctrine of *respondeat superior* applies—there is no actual master-servant relationship. *Sanchez v. Medicorp Health Sys*., 270 Va. 299, 302, 618 S.E.2d 331, 332 (2005). *See also, Kappa Sigma Fraternity v. Richard G. Miller Mem'l Found.,* No. 3:07CV00026, 2008 WL 445005 (W.D. Va. Feb. 20, 2008).

In the case at hand, Plaintiff has failed to plead facts to establish either a theory of apparent authority or apparent agency between Defendant Wells and the City. Plaintiff has failed to plead that Defendant Wells was historically an agent of the City, and by virtue of past agency, he acted with "apparent authority." Further, Plaintiff has failed to plead any actions on the part of the City

8

that would establish an appearance of the City acquiescing to Defendant Wells acting on behalf of the City.  To the contrary, Plaintiff repeatedly refers to the survey at issue as the "PBA Survey," or the Police Benevolent Association Survey.  Compl. at ¶101, 116, 126, 139, 158.  By Plaintiff's own words, Plaintiff has established that Defendant Wells acted on behalf of the PBA, not the City.  The PBA is a national professional organization that operates for the benefit of police officers, not localities or jurisdictions.  Thus, the Plaintiff has also failed to plead facts establishing that Defendant Wells acted with "apparent agency" on behalf of the City.  Plaintiff has merely made the conclusory statement that Defendant Wells "was acting in his individual capacity as an agent of the Defendant City of Charlottesville" Compl. at ¶11.  Again, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As Plaintiff has based her claims of liability in Counts IV and IX of her Complaint against Defendant Wells upon the theories of agency and *respondeat superior*, and she has failed to plead the necessary elements to establish both theories, her claims of liability against Defendant Wells should be dismissed.

## IV. Plaintiff Failed to Establish the Elements of a Claim for Tortious Interference with a Contract against Defendant Wells.

Even if the Court were to find that Plaintiff had sufficiently pleaded and factually established an agency relationship between Defendant Wells and the City, the Plaintiff has failed to plead the necessary elements to establish a claim of tortious interference with contractual relations against Defendant Wells.

In Virginia, the elements of a claim for tortious interference with contractual relations (or tortious interference with business expectancy) are typically recited as (1) the existence of a valid

contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.  *Schaecher v. Bouffault*, 290 Va. 83, 106, 772 S.E.2d 589, 602 (2015).

Virginia case law applying the tort of intentional interference with contractual relations contain a fifth, unstated element to the *prima facie* case: a competitive relationship between the party interfered with and the interferor. *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 600 (E.D. Va. 2005).  *See, e.g., Rappahannock Pistol & Rifle Club, Inc. v. Bennett,* 262 Va. 5, 546 S.E.2d 440 (2001) (involving purchasers competing to buy the same tract of land); *Maximus, Inc. v. Lockheed Information Mgmt. Sys. Co., Inc*., 254 Va. 408, 493 S.E.2d 375 (1997) (involving competing companies bidding for a government services contract); *Hilb, Rogal & Hamilton Co. of Richmond v. DePew*, 247 Va. 240, 440 S.E.2d 918 (1994) (involving competing pension trust businesses run by a former employer and a former employee); *CaterCorp, Inc. v. Catering Concepts, Inc*., 246 Va. 22, 431 S.E.2d 277 (1993) (involving competing catering businesses run by a former employer and a former employee); *Krantz v. Air Line Pilots Assoc., Int'l*, 245 Va. 202, 427 S.E.2d 326 (1993) (involving a union and a former member, though the court held that no prima facie case was stated); *Century–21 v. Elder*, 239 Va. 637, 391 S.E.2d 296 (1990) (involving a real estate agent's client and an independent builder's attempt to sell a home to that client); *Chaves v. Johnson,* 230 Va. 112, 335 S.E.2d 97 (1985) (involving competing architects bidding for a government services contract).

"The reason that the tort of intentional interference with a business expectancy always involves a competitive relationship and allegations of direct contact with the source of the

expectancy are self-evident: they provide prima facie evidence of a motive to interfere and indicate that the interference actually took place. In other words, the existence of a competitive relationship between a plaintiff and a defendant is the factual circumstance giving rise [to] a common law duty actionable in tort." *17th St. Assocs., LLP v. Markel Int'l Ins. Co.,* 373 F. Supp. 2d 584, 601 (E.D. Va. 2005).

Here, Plaintiff Brackney has plead no facts establishing a competitive relationship between the Plaintiff and Defendant Wells.  Hence, there is no underlying common law duty required of the tort from Defendant Wells to the Plaintiff.  *Id.*  Plaintiff has failed to establish the requisite elements of the tort of intentional interference with contractual relations under Virginia law.

Further, "when a contract is terminable at will, a plaintiff, in order to present a *prima facie* case of tortious interference, must allege and prove not only an intentional interference that caused the termination of the at-will contract, but also that the defendant employed 'improper methods.'" *Duggin v. Adams*, 234 Va. 221, 226–27, 360 S.E.2d 832, 836 (1987).  In determining whether the interference is "improper," the Supreme Court of Virginia has stated that interference is considered "improper" if it is illegal, independently tortious, or violates an established standard of trade or profession.  *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 559, 708 S.E.2d 867, 870 (2011).

Improper methods may include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship.  *Id.*  The Supreme Court has expressly noted, "We will not extend the scope of the tort to include actions solely motivated by spite, ill will and malice."  *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 560, 708 S.E.2d 867, 871 (2011).

Plaintiff Brackney has failed to plead that Defendant Wells' actions, namely texts, meetings, and letters with City officials regarding the PBA survey, were improper. Compl. at ¶143(A-J). The only allegation that Plaintiff asserts regarding Defendant Wells' alleged improper motivation for conducting the PBA survey is an opinion stated by another named defendant, Chip Boyles, Former City Manager, who ultimately made the decision to terminate the Plaintiff's employment. Compl. at ¶143(K). Again, the court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Defendant Boyles' opinion about Defendant Wells motivation is an unreasonable conclusion without a supporting factual basis. Thus, Plaintiff has also failed to establish the intent of Defendant Wells to interfere with her employment.

Plaintiff further failed to plead facts to establish that Defendant Wells' alleged interference was accomplished by "improper means," which includes tortious, illegal, or unethical conduct. Plaintiff fails to allege illegal conduct. Plaintiff also fails to allege that Defendant's conduct was unethical under the circumstances, and the facts set forth in the Complaint do not support such a conclusion in any case. The fact that Defendant Wells coordinated a PBA survey of the police force, and the results of that survey were provided to the City, with awareness of its potential effect for Plaintiff's current employment, without more, is insufficient evidence that Defendant Wells acted tortiously, illegally, or unethically, and thus engaged in "improper means."
To the contrary, advocating for the well-being of police officers falls squarely within mission of the professional Police Benevolent Association.

Because the facts alleged do not support a conclusion that Defendant Wells used improper means to interfere with Plaintiff's expectancy or that Defendant Wells intentionally interfered with

Plaintiff's expectancy, Plaintiff fails to state a claim for tortious interference against Defendant Wells. *Cominelli v. The Rector & Visitors of The Univ. of VA,* 589 F. Supp. 2d 706, 717 (W.D. Va. 2008), *aff'd sub nom. Cominelli v. Rector & Bd. of Visitors of Univ. of Virginia*, 362 F. App'x 359 (4th Cir. 2010).

Plaintiff has not pled sufficiently facts to establish the required elements of the tort of intentional interference with a business expectancy by Wells. Consequently, Count IV of Plaintiff's Complaint for tortious interference with a business expectancy against Defendant Wells should be dismissed.

### V.   Plaintiff Failed to Establish the Elements of a Claim for Statutory Business Conspiracy against Defendant Wells.

Because Plaintiff's underlying claim of tortious interference with a business expectancy fails, Plaintiff's claims of statutory business conspiracy under Virginia Code §§ 18.2-499-500 also must fail. *Francis Hosp., Inc. v. Read Properties, LLC*, 296 Va. 358, 365, 820 S.E.2d 607, 611 (2018). *See also, Halberstam v. Welch,* 705 F.2d 472, 479 (D.C.Cir.1983) ("Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort.").

Statutory conspiracy requires "two or more persons [to] combine, associate, agree, mutually undertake or concert together for the purpose of ... willfully and maliciously injuring another in his reputation, trade, business or profession." Va. Code § 18.2–499(A). Accordingly, the Supreme Court has held that tortious interference with business expectancy constitutes the requisite "unlawful act" to proceed on a business conspiracy claim under Code §§ 18.2–499 and – 500. *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 218, 754 S.E.2d 313, 319 (2014).

Here, however, because the Plaintiff has failed to establish a claim for tortious interference with a business expectancy, her claim for business conspiracy should likewise fail.

Even if the Court were to find that the Plaintiff had sufficiently plead tortious interference with business expectancy in order to survive a motion to dismiss, the Plaintiff has additionally failed to factually plead the elements of business conspiracy.  The Virginia statutory conspiracy provisions of §§18.2-499-500 apply only to business and property interests, and not to personal or employment interests.  *Andrews v. Ring,* 266 Va. 311 (2003).  Here, Plaintiff has not alleged, and she is unable to demonstrate, an injury to a business interest, as she did not own a company, did not do business as a separate organization, did not have a separate tax identification number, etc. *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012).  Plaintiff has only pleaded and alleged damage to personal employment prospects, namely the termination of her employment with the City of Charlottesville.  *Id.*  "Despite its broad language, it is well-settled that this statute [Va. Code §§18.2-499-500] applies only to injuries to business and property interests, not to personal or employment interests." *Id*.  *See also, Andrews v. Ring,* 266 Va. 311, 319, 585 S.E.2d 780, 784 (2003) (noting that injury to personal reputation and interest in employment are clearly excluded from the scope of the statute's coverage); *Cox v. MAG Mut. Ins. Co.*, No. 3:14-CV-377-JAG, 2015 WL 1640513, at *6 (E.D. Va. Apr. 9, 2015) ("This code section protects people in their businesses, not in their employment.").  Accordingly, Plaintiff's claims for statutory business conspiracy fails and should be dismissed.

Even if the Virginia statutory conspiracy provisions of §§18.2-499-500 applied to employment interests, there is simply no factual basis to support the Plaintiff's allegation that Defendant Wells and the remaining Defendants conspired to harm the Plaintiff. Plaintiff has failed

to allege any agreement between the City and Defendant Wells. *N. Virginia Real Est., Inc. v. Martins*, 283 Va. 86, 110, 720 S.E.2d 121, 133 (2012).

As the basis of her claim of business conspiracy, Plaintiff argues that "Defendants organized and conducted the 17 question PBA survey with the intention, and expectations, of receiving negative feedback regarding the Plaintiff and her role as Chief of Police." Compl. at ¶243. Plaintiff's entire factual basis for pleading conspiracy appears to be founded upon the fact that Defendant Wells texted, emailed, and met with Defendants Boyles, Snook, Mooney, and Hill at various times *after* the survey was conducted, regarding the results of the PBA survey. Compl. at ¶247-250, 254-262, 268-269. The PBA conducted the survey throughout July of 2021, and the interactions between the Defendants, which Plaintiff asserts are the basis of the conspiracy, occurred in August of 2021, after the survey had been completed. Compl. at ¶247-250, 254-262, 268-269.

In addition to failing to plead facts of any agreement between the Defendants whatsoever, Plaintiff has also failed to plead a reasonable factual chronology supporting her theory that the Defendants conspired to harm her career by means of the PBA survey. As the Supreme Court held in *Bell Atlantic v. Twombly*: "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a … claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (emphasis added).

In sum, Plaintiff's claims for business conspiracy are flawed for a number of reasons. Because Plaintiff's claim for tortious interference with a business expectancy fails, her claim for

business conspiracy fails with it. *Francis Hosp., Inc. v. Read Properties, LLC*, 296 Va. 358, 365, 820 S.E.2d 607, 611 (2018). Additionally, Virginia's statutory business conspiracy provisions apply to a business interest and not to a personal employment interest. Therefore, the statute is wholly inapplicable to the facts of Plaintiff's claims. Further, Plaintiff has additionally failed to plead sufficient facts to establish an agreement between the City and Defendant Wells, which is a requisite element of a claim for conspiracy. Plaintiff has merely pleaded "parallel conduct," which is insufficient to establish a claim for business conspiracy. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). Accordingly, Count IX of Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the reasons stated herein, Defendant Michael Wells, by counsel, respectfully requests that the Court grant his Motion to Dismiss and (a) dismiss with prejudice all Plaintiff's claims against him, specifically Counts IV and IX, as Plaintiff has asserted liability under theories of agency and *respondeat superior*. Plaintiff cannot establish either theory in connection to Defendant Wells. Plaintiff has further failed to plead sufficient facts to establish the underlying claims of both counts (tortious interference with business expectancy and business conspiracy). Defendant Wells further asks this Court to dismiss the remaining Counts of the Complaint: I, II, III, V, VI, VII, VIII, X, and XI, that do not name Defendant Wells and find that (b) those Counts are inapplicable to Defendant Wells as a matter of law. Accordingly, Defendant Wells requests this court dismiss with prejudice all claims asserted against him in Counts IV and IX pursuant to Fed. R. Civ. P. 12(b)(6). Defendant also requests that the Court award Defendant his costs and expenses incurred and grant any further relief the Court deems appropriate.

Dated: September 19, 2022

Respectfully submitted,

**MICHAEL WELLS**

*By Counsel*

*/s/ Joan C. McKenna*
Joan C. McKenna (VSB No. 37812)
Kayla A. Humenick (VSB No. 90816)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia
T:  (804) 403-7100
F:  (804) 237-0250
Email: *jmckenna@ohaganmeyer.com*
Email: *khumenick@ohaganmeyer.com*

William M. Stanley (VSB No. 37209)
Autumn Johnson (VSB No. 95833)
THE STANLEY LAW GROUP, PLLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
T:  (540) 721-6405
Email: *bstanley@vastanleylawgroup.com*
Email: *ajohnson@vastanleylawgroup.com*

*Counsel for Defendant Michael Wells*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

<u>/s/ <i>Joan C. McKenna</i>                      </u>
Joan C. McKenna (VSB No. 37812)
