IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

RASHALL M. BRACKNEY-WHEELOCK,
PH.D.
        *Plaintiff*,

v.                                        Case No.: 3:22-CV-35

CITY OF CHARLOTTESVILLE, et al.,

        *Defendants*.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT, BRIAN WHEELER'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Dr. Brackney, by the undersigned counsel, hereby submits his Memorandum in Support of her Opposition to the Defendant's (Wheeler) Motion to Dismiss.

### I.    INTRODUCTION

Defendant Wheeler violated the Virginia Freedom of Information Act ("FOIA") by altering and/or failing to properly produce documents in response to a FOIA request.

At the motion-to-dismiss stage, a plaintiff need only "allege facts sufficient to state all the elements of her claim," *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and "the district court must 'accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff].'" *Dao v. Faustin*, 402 F. Supp. 3d 308, 315 (E.D. Va. 2019) (quoting *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015)). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508). With that in mind, the Court should draw to accept the facts from the Plaintiff's

1

complaint as true.[1] Further, the Plaintiff also incorporates herein the facts, arguments, authorities, and exhibits set forth in each of her Responses to each Motion to Dismiss filed in this action.

In 2018, the Defendant hired Plaintiff as the very first African-American female chief for the City of Charlottesville with the intention of combating the Defendant's deep-rooted issues with systemic racism and police misconduct. ECF Doc. 1, at ¶ 26-29.

On June 3, 3021, Plaintiff investigated and reported unlawful, criminal, departmentally inappropriate, misogynistic, harassing, and racist behaviors she witnessed in a video provided in a citizen's complaint involving several CPD officers. An analysis of a forensic report of the incidents exposed several other suspected unlawful, criminal, and racist behaviors, as well as police violence, corruption, departmentally inappropriate, misogynistic, and/or discriminatory behaviors and harassment and threats within Defendant's police department. ECF Doc. 1, at ¶ 54-58. These investigations and reports were a result of Plaintiff's actions taken in response to the June 3, 2021 citizen complaint. The following weeks in June 2021, the investigation on those officers continued and ultimately the officers in question were disciplined and/or terminated.

On September 1, 2021, Plaintiff was then discriminated and retaliated against, and ultimately wrongfully terminated from her employment. On November 9, 2021, Plaintiff filed timely charges of racial discrimination with the Charlottesville Office of Human Rights and Human Resource Office ("OHR"), in addition to a complaint on December 13, 2021, with the Virginia Office of the Attorney General – Civil Rights Division ("OCR"). (See attached **Exhibit "A"**). On November 10, 2021, the OHR issued its Jurisdictional and Prima Facie Assessment. (See attached **"Exhibit "B"**). On January 24, 2022, the OCR acknowledged receipt of Plaintiff's complaint and on February 8, 2022, the Attorney General's Office referred the case to the U.S.

---

[1] The Plaintiff refers to and realleges each and every allegation in the Complaint as though fully set forth at length herein.

Equal Employment Opportunity Commission. (See attached **Exhibit "C"**). Plaintiff has timely filed her charges of discrimination and received her Right to Sue Notice, satisfying the requirements of 42 U.S.C. Section 2000(e). (See attached **Exhibit "D"**). On April 20, 2022, Plaintiff also filed a notice to the office of Attorney General giving notice of her claims under the Virginia Tort Claims Act. (See attached **Exhibit "E"**).

Plaintiff, who specializes in social and racial justice, police corruption and reform and the influence of race on politics and policy, has filed numerous FOIA requests to show in support of her complaints filed. It has been no secret that between the June 3 investigations and the filing of this lawsuit, there has been extreme attention placed on the matters and issues involving Plaintiff's wrongful termination. The Complaint presents enough facts to support that Defendant violated the Virginia Freedom of Information Act ("FOIA") by altering and/or failing to properly produce documents in response to a FOIA request.

**II.     STANDARD OF REVIEW**

Under a Rule 12(b)(6) motion, courts accept all of the factual allegations that appear in Plaintiff's Complaint as true. *Bing v. Brivo Syst., LLC.*, 959 F.3d 605, 608-09 (4th Cir. 2020). While this rule is inapplicable to mere legal conclusions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), non-conclusory allegations of factual occurrences must be taken as true. *Id*. As such, all a complaint needs to survive a Rule 12(b)(6) motion is "sufficient factual allegations that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*, 550 U.S. at 570). If this standard is met, then even if a case strikes a judge as unlikely to succeed and having a remote chance of recovery, the motion to dismiss should be denied, as Rule 12(b)(6) does not impose a probability requirement at the pleading stage. *Bell Atlantic*, 550 U.S. at 556.

Moreover, when ruling on a motion to dismiss, courts are required to view the facts in the light most favorable to the Plaintiff. *See, e.g.*, *Mylan Laboratories v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must draw all justifiable inferences in favor of the non-moving party when considering a motion to dismiss. *Robertson v. Anderson Mill elementary School*, 989 F.3d 282, 288. These two standards require that courts resolve any doubts or ambiguities about the Complaint or the case itself in favor of the Plaintiff. *Prince v. Sears Holding Corp.*, 848 F.3d 173, 176 (4th Cir. 2017). As such, if all that the court finds when ruling on a motion to dismiss is doubt, and it is not completely clear that Plaintiff has indeed failed to state a claim, the court must deny the motion to dismiss.

### III. ARGUMENT

The Plaintiff refers to and realleges each and every allegation in the Complaint as though fully set forth at length herein. Further, the Plaintiff also incorporates herein the facts, arguments, authorities, and exhibits set forth in each of her Responses to each Motion to Dismiss filed in this action.

**A. Brackney has stated a claim for violation of the Virginia Freedom of Information Act (FOIA).**

Virginia's Freedom of Information Act ("FOIA") grants Virginia citizens access to all public records pursuant to §2.2-3704(A). *See* VA Freedom of Information Act §2.2-3704(A). Plaintiff has presented facts that support her claims for FOIA violations.

On September 18, 2021, Plaintiff submitted a FOIA request for certain specific documents. ECF Doc. 1 ¶ 309; 310; Doc. 1-22. First, Defendant Wheeler replies, attaching redacted documents. *Id*. Plaintiff then had to request the unredacted documents. *Id*. Defendant Wheeler then purportedly met with Defendant Boyles and Defendant Robertson. *Id*. He then states "We" made a mistake sending you the redacted notes, and he then sent the unredacted document. *Id*. However, this was still not the same "script" Plaintiff knew to exist, so she then requested

copies of the edited documents and property logs. *Id*. Plaintiff was given one version of the script ("script 1") when she requested a copy of her entire file and personnel jacket and it was included with that (whether intentional or by mistake is unknown). Script 1 is not the same one that was then presented to her in response to her FOIA request ("script 2"). ECF Doc. 1-19. The audio recording Plaintiff has from the day the script in question was read, mirrors the version of the script 1. ECF Doc. 1 ¶ 311. The facts support Plaintiff's assertion that Defendants Wheeler, Boyles, and Robertson first attempt to provide a redacted version of script 1; and then when they realize they must produce an unredacted version, they altered it and provided the edited version, script 2.

It is a violation of Virginia's Freedom of Information Act to alter or destroy requested information and this claim should not be dismissed. See § 2.2-3714.

### IV. CONCLUSION

For all the foregoing reasons set forth herein, and within the Plaintiff's Oppositions to each Defendants Motion to Dismiss, the Plaintiff, by counsel, respectfully requests that this Court deny the Motion to Dismiss and allow for this action to proceed, and award Plaintiff her attorney's fees and costs for having to bring for this response, and for any other such relief that is just and proper.

Respectfully submitted,
RASHALL M. BRACKNEY-WHEELOCK, PH.D.

Dated: October 7, 2022                By and through her counsel

*/s/Charles Tucker, Jr.*
Charles Tucker, Jr., Esq.
MD Bar# 0808260001
The Cochran Firm - Hyattsville
8181 Professional Place
Hyattsville, MD 20785
Email: charles@tuckerlawgroupllp.com
Telephone: 301-577-1175
Facsimile: 240-467-5787

*/s/Alexander Taylor*
Alexander Taylor, Esq.,VSB# 29292
Alex Taylor Law, PLC
1622 West Main Street
Richmond, VA 23220
Tel: 804-239-9232
Fax: 866-446-6167
alextaylor@alextaylorlaw.com