IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

RASHALL M. BRACKNEY-WHEELOCK,
PH.D.,

   Plaintiff,

v.                                                                  Case No. 3:22-cv-35

CITY OF CHARLOTTESVILLE, *et al.*

   Defendants.

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL

### I.    FACTS AND PROCEDURAL HISTORY

RaShall Brackney served as the Chief of Police for the City of Charlottesville from June 18, 2018, to November 30, 2021.  On June 15, 2022, Brackney filed suit against the City and ten individual defendants asserting eleven causes of action.  All defendants have filed motions to dismiss the Complaint.

Since filing its Motion to Dismiss, the City has learned that Brackney took certain confidential personnel information with her after her termination, which she is now publicly disseminating.  The City seeks entry of a protective order precluding dissemination of information regarding current and former City employees that Brackney obtained by virtue of her employment with the City.  Because the Brief in Support of Motion for Protective Order must necessarily describe and address the confidential personnel information that the City seeks to protect, it is essential that it be permitted to file that Brief under seal to protect the privacy interests of those who are not parties to this case.

## II.   <u>ARGUMENT</u>

Local Rule 9(b) provides that a party moving to file under seal must provide the following:

1.    a generic, non-confidential identification of the document to be sealed;

2.    the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and

3.    the duration for which sealing is requested.

W.D. Va. Local Rule 9(b).

The City seeks to file under seal its Brief in Support of Motion for Protective Order, which contains descriptions and screenshots of the confidential personnel information that Brackney has published.  The City's purpose in seeking the protective order and keeping confidential this personnel information of non-party employees and former employees would be undercut by requiring it to publicly file the brief.  Publicly filing the document would thwart any relief that that Court decides to provide, as the information would remain publicly available and subject to dissemination.

The right of public access to judicial records derives from two independent sources: the First Amendment and the common law.  *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  The common law presumes a right to inspect and copy judicial records and documents that can be rebutted if the public's right of access is outweighed by competing interests.  *In re Application*, 707 F.3d at 290. The burden is on the proponent of sealing.  *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Sup. 2d 572, 577 (E.D. Va. 2009).  To "overcome the common law presumption of access . . . a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness."  *In re Application*, 707 F.3d at 293.

When the First Amendment provides a right of access, the court may restrict access on the basis of a compelling governmental interest that is narrowly tailored to serve that interest. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotations and citations omitted).  As with the common law right of access, the Court continues to weigh and balance the competing interests, but a more stringent standard applies.  *Level 3*, 611 F. Supp. 2d at 580-81.

To determine whether the First Amendment provides a right to access to orders and proceedings, the Fourth Circuit uses the "experience and logic" test, which asks "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F. 2d 60, 64 (4th Cir. 1989)).  The First Amendment right is narrower than the common law right and only covers particular judicial records and documents.  *Washington Post*, at 575.  Documents that are judicially authored or created are judicial records protected by the First Amendment right of access, as are certain other documents submitted by parties to litigation, including motions for summary judgment and attached documents, trial transcripts, documents in evidence at a public jury trial, and post-trial briefing that refers to documents and statements in unredacted filings.  *See Craddock v. LeClairRyan*, No. 3:16-CV-11, 2019 WL 2437460, at *8 (E.D. Va. June 11, 2019) (citations omitted).

Here, the City seeks to seal a Brief in Support of Motion for Protective Order, which is not a dispositive motion.  Therefore, it is subject to the common law right of access, and the City need only show a "'significant countervailing interest' in support of sealing that outweighs the public's interest in openness."  *In re Application*, 707 F.3d at 293; *Clehm v. BAE Systems, Inc.*,

7:16-cv-00012, 2017 WL 11367644, at \*1 (W.D. Va. Mar. 21, 2017); *Covington v. Semones*, 7:06-cv-00614, 2007 WL 1170644, at \*2 (W.D. Va. Apr. 17, 2007).

The rights of the non-party employees and former employees in the confidentiality of their personnel information—information that would be withheld as exempt if requested pursuant to the Virginia Freedom of Information Act—is a significant countervailing interest that outweighs the public's interest in openness. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576-77 & n.8 (D. Md. 2012) (granting the parties' motion to seal sensitive personnel records). This is particularly true when the subjects of the documents are not parties to the action and the contents of the files are not directly at issue in the case. *See Stevens v. Caburrus County Bd. of Educ.*, No. 1:20-cv-335, 2022 WL 4620906, at \*15 (M.D.N.C. Sept. 30, 2022) (noting that personal information of third parties is often subject to protection given the privacy interests at stake for individuals who are not part of the suit). Additionally, the information at issue is subject to the Government Data Collection and Dissemination Practices Act, Va. Code § 2.2-3800, et seq., which precludes its dissemination and weighs in favor of sealing.

Sealing is the only viable option to protect the information at issue, because the Court will not be able to competently rule on the Motion for Protective Order if the information is redacted. The City requests that the Brief be permanently sealed.

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, the City of Charlottesville, by counsel, respectfully requests that the Court grant it leave to file under seal with the Court its Brief in Support of Motion for Protective Order.

.

**CITY OF CHARLOTTESVILLE,**

By Counsel

/s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for City of Charlottesville
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

# C E R T I F I C A T E

I hereby certify that on the 23rd day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Alexander L. Taylor, Jr., Esq.
Alex Taylor Law
1622 W. Main Street
Richmond, VA 23220
804-239-9232 - Phone
866-446-6167 - Fax
alextaylor@alextaylorlaw.com

Charles Tucker, Jr., Esq.
The Tucker Moore Group
8181 Professional Place, Suite 207
Hyattsville, MD 20785
301-577-1175 - Phone
240-467-5678 - Fax
charles@tuckerlawgroupllp.com

William M. Stanley, Jr., Esq.
Autumn Dawn Price Johnson, Esq.
The Stanley Law Groupl PLLC
13508 Booker T. Washington Hwy
Moneta, VA 24121
540-721-6028 - Phone
540-721-6405 - Fax
rsmith@vastanleylawgroup.com
ajohnson@vastanleylawgroup.com

Joan C. McKenna, Esq. (VSB No. 37812)
Kayla A. Humenick, Esq. (VSB No. 90816)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
jmckenna@ohaganmeyer.com
khumenick@ohaganmeyer.com

Richard H. Milnor, Esq.
VSB No. 14177
Zunka, Milnor & Carter, Ltd.
P.O. Box 1567
Charlottesville, VA 22902
434-977-0191 x234 - Phone
434-977-0198 - Fax
RMilnor@zmc-law.com

s/David P. Corrigan
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for City of Charlottesville
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com